*ARSENAUX* vs. *MICHEL*

6NS695
123    156

**APPEAL** from the court of probates of the
parish of St. James.

A curator
cannot be al-
lowed credit
for higher
than legal
fees paid by
him.

**MARTIN, J.** delivered the opinion of the
court  This is an appeal from a judgment on an
opposition to the homologation of the account
presented by the defendant and appellant, of
the affairs of the estate of L. Arsenaux, deceas-
ed.

He must
suffer by the
neglect of a
person whom
he entrusts
with the col-
lection of a
note of the
estate.

He complains that the judgment reduces his
account of the fees by him paid to the parish
judge, and charges him with the amount of a
note, due to the estate, payment of which he
never received.

It was his duty to pay none but *legal* fees—
in assuming the administration of the estate,
he became bound to acquire, if he did not pos-
sess before, the knowledge of the duties of his
office.  The fees of the parish judges are fixed

Eastern Dist.
*May*, 1828.

ARSENAUX
*vs.*
MICHEL.

by law—of this no one can plead ignorance—if the appellant paid higher fees, he did so in his own wrong, and it is no justification for him that they were demanded.

The note, with the amount of which he was charged, was payable at the office of the parish judge. It was due on the last of March, 1827, and was paid to the parish judge on the 26th or 27th of the month. It is urged that the note being payable at the judge's office, it was properly left with him—that as the parish judge was *ex officio* notary public, it was properly left with him to be protested in case of non-payment.

Nothing prevented the appellant's attendance at the judge's office at the expiration of the days of grace to receive payment, and had the note not been paid, then it might very properly have been given to the judge to protest it. The note was not dishonored, but on the contrary, paid before its maturity—nothing authorised the appellant to part with it, and he must be liable for the conduct of the person he trusted.

It is therefore ordered, adjudged, and decreed, that the judgment of the court of probates be affirmed with costs.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court
be affirmed with costs.

*Carleton* and *Lockett* for the plaintiff, *Mer-cier* and *Buchanan* for the defendant.